## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIC CRUZ | CIVIL ACTION |
| VERSUS | NO. 21-515 |
| UNITED SERVICES AUTOMOBILE ASSOCIATION | SECTION D (4) |

### ORDER AND REASONS

Before the Court is Defendant United Services Automobile Association's Motion to Dismiss for lack of subject matter jurisdiction.[1] The Motion is unopposed. After careful consideration of Defendant's memorandum, the record, and the applicable law, the Court grants the Motion.

This case arises out of a car accident. On December 5, 2019, Plaintiff Eric Cruz and another driver, Andrew Mathews, were involved in a collision in Slidell, Louisiana.[2] Cruz allegedly suffered injuries from the collision.[3] Cruz was insured by Defendant United Services Automobile Association ("USAA").[4] Cruz has filed suit against USAA, asserting claims for breach of good faith and fair dealing.[5] In his Complaint, Cruz alleges that USAA is a citizen of Texas.[6] Accordingly, Plaintiff

---

[1] R. Doc. 13.
[2] R. Doc. 1 at 2-3 ¶ 7.
[3] *Id.* at 3 ¶ 8.
[4] *Id.* at 4 ¶ 11.
[5] *Id.* at 4-5 ¶¶ 11-14.
[6] *Id.* at 2 ¶ 5.

alleged that jurisdiction is premised on diversity, as Cruz is a citizen of Louisiana and he alleges damages over $75,000.[7]

Defendant now moves to dismiss this matter for lack of subject-matter jurisdiction.[8] It asserts that "USAA is a reciprocal interinsurance exchange with members in all fifty states of the United States, including Louisiana."[9] Defendant argues that it is not diverse from Cruz, and therefore the Court lacks diversity jurisdiction. Notably, Cruz has not filed a response, indicating that he tacitly agrees with the Motion.[10] Nevertheless, the Court looks to ascertain whether the Motion has merit.

When jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[11] "To determine the citizenship of an artificial entity, other than a corporation, a court must consider 'each of the entity's constituent members.'"[12] Under Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[13] "[T]he plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."[14]

---

[7] *Id.* at 1-2 ¶¶ 2, 4; *see also* 28 U.S.C. § 1332.
[8] R. Doc. 13.
[9] R. Doc. 13-1 at 1.
[10] The Court notes that in an earlier Motion, USAA represented that "Plaintiff has agreed to re-file the suit in state court." *See* R. Doc. 9.
[11] 28 U.S.C. § 1332(a)-(a)(1).
[12] *Ourso v. United Services Auto. Ass'n*, No. 06-4354, 2007 WL 275902, at *2 (E.D. La. Jan. 25, 2007) (quoting *Temple Drilling Co. v. Louisiana Ins. Guar Ass'n*, 946 F.2d 390, 393 (5th Cir. 1991)).
[13] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).
[14] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Plaintiff, whose burden it is to establish jurisdiction, has failed to oppose the Motion to Dismiss for lack of subject matter jurisdiction. Further, numerous sections of this Court have found that USAA is a reciprocal insurance organization that has members in all fifty states, and therefore is a citizen of Louisiana.[15] Because Plaintiff is a citizen of Louisiana as well, the Court finds that complete diversity does not exist, and therefore that it lacks subject matter jurisdiction. Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED**, and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, June 29, 2021.

**WENDY B. VITTER**
**United States District Judge**

---

[15] *See, e.g.*, *Ourso*, 2007 WL 275902, at *2; *Drake v. United Services Auto. Ass'n*, No. 19-13724, 2020 WL 6262996, at *1-2 (E.D. La. Feb. 28, 2020); *Norton v. Gurley*, No. 00-1704, 2000 WL 1408168 (E.D. La. Sept. 25, 2000).